IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TAREQ A. KHEDIR AL-TIAE, M.D.;** | |
| **Plaintiff,** | **4:18CV3140** |
| vs. | **FINDINGS AND RECOMMENDATION** |
| **THE PHYSICIAN NETWORK, (TPN); and CATHOLIC HEALTH INITIATIVES, (CHI);** | |
| **Defendants.** | |

This matter is before the Court on Defendants' Motion for Sanctions to Dismiss Plaintiff's Complaint with Prejudice (Filing No. 82). Defendants move for the sanction of dismissal of this case with prejudice, or the striking of Plaintiff's operative pleading and dismissal of the case, for Plaintiff's failure to appear at his deposition properly noticed and scheduled on September 16, 2020, and for his pattern of noncompliance with discovery and with court orders. Plaintiff did not file a response to the motion and the time for doing so has expired. For the following reasons, the undersigned magistrate judge will recommend that the motion be granted, and the case be dismissed with prejudice, pursuant to Rules 37(d) and 40(b)(1) of the Federal Rules of Civil Procedure.

### BACKGROUND

Plaintiff, pro se, filed this action against Defendants, The Physician Network (TPN) and Catholic Health Initiatives (CHI) in Lancaster County, Nebraska, on August 17, 2018. (Filing No. 1-2 at p. 5). Plaintiff is a physician formerly employed by Defendants and filed this action claiming he was forced to resign on May 13, 2016, due to discriminatory treatment and harassment he was subjected to on the basis of his national origin and religion.

Defendants removed the case to this court on October 12, 2018. (Filing No. 1). After Defendants' motion for more definite statement was denied (Filing No. 12), the Court entered a Scheduling Order directing the parties to jointly prepare and file a report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure by February 19, 2019. (Filing No. 14). Defendants requested the Court's assistance to facilitate Plaintiff's participation in the preparation of the report and the undersigned magistrate judge scheduled a telephone conference on February 8, 2019, for that purpose. Plaintiff was mailed notice of the above orders and the case conference instructions at the

address he had provided to the Court. Plaintiff did not appear on February 8, 2019, as ordered. After Plaintiff failed to appear, the Court entered an order on February 8, 2019, advising Plaintiff that failure to comply with court orders and local rules, and failure to appear at any further Court-ordered telephone conferences, could result in sanctions, including a recommendation that his case be dismissed. (Filing No. 19). On February 19, 2020, the Clerk of Court received notice that the order setting the telephone conference and case conference instructions were returned as undeliverable to Plaintiff as they were "refused" at the address provided by Plaintiff. (Filing No. 21).

On February 21, 2019, the Court received notice that Plaintiff was undergoing medical treatment rendering him unable to prosecute his case. (Filing No. 22 - Sealed). The Court granted Plaintiff a 90-day stay of his case though June 14, 2019, to accommodate his medical treatment and to obtain licensed counsel. (Filing No. 25). Licensed counsel entered an appearance on Plaintiff's behalf on June 17, 2019, and notified the Court that Plaintiff intended to prosecute his case. Therefore, the Court lifted the stay and directed the parties to file a Rule 26(f) Report on July 15, 2019. (Filing No. 26; Filing No. 27).

As recognized by Defendants, once Plaintiff became represented by counsel, the parties finally began making progress with this case: they jointly prepared a Rule 26(f) Report (Filing No. 30) and began exchanging discovery; the Court entered a case progression order (Filing No. 31) on July 17, 2019; Plaintiff was given leave to file an Amended Complaint (Filing No. 44); and the Court narrowed the issues in Plaintiff's Amended Complaint in ruling on Defendants' motion to dismiss (Filing No. 59).

On December 31, 2019, the undersigned magistrate judge held a telephone conference requested by Defendants due to Plaintiff's delayed responses to discovery requests. The Court ordered Plaintiff to provide complete responses to outstanding discovery on or before January 7, 2020. (Filing No. 56). On January 24, 2020, the parties jointly moved to extend case progression deadlines, in part due to Plaintiff's delayed discovery responses. (Filing No. 57). The Court entered an amended case progression order with the parties' proposed new deadlines on January 27, 2020. (Filing No. 58). On April 2, 2020, the parties again jointly requested an extension of case progression deadlines due to the COVID-19 pandemic. (Filing No. 60). The Court granted the joint motion and entered the second amended case progression order, which is the current case progression order. (Filing No. 61).

Later the same day, counsel for Plaintiff moved to withdraw from his representation due to his acceptance of a new position with the State of Nebraska. (Filing No. 62). The Court granted counsel's motion on April 3, 2020, effective upon counsel's filing of proof of service of the Court's order on Plaintiff. The order permitting counsel to withdraw warned Plaintiff he "must comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs, attorneys' fees, and/or dismissal of the case." (Filing No. 63). Plaintiff's counsel filed proof of service of the order upon Plaintiff on April 3, 2020, and Plaintiff once again began proceeding pro se. (Filing No. 64).

Little happened in this case after Plaintiff's counsel withdrew, save for the Court entering an order on July 23, 2020, striking an unauthorized "amicus curiae brief" filed by Plaintiff's father. (Filing No. 68). Defendants again encountered difficulties with obtaining discovery from Plaintiff and in scheduling his deposition, so on August 11, 2020, Defendants requested a telephone conference to address those issues. (Filing Nos. 71-72). Counsel for Defendants and Plaintiff participated in the telephone conference on August 17, 2020. (Filing No. 73). The parties and the undersigned magistrate judge discussed specific items of outstanding written discovery that Plaintiff needed to respond to, as well as logistics for Plaintiff's video-conference deposition. Plaintiff expressed concern about being a pro se litigant and asked for the undersigned's assistance during his deposition. The undersigned explained the Court's role in litigation and declined to act as Plaintiff's advocate or to actively supervise the deposition, but agreed to permit Plaintiff to be deposed by video-conference in the undersigned's courtroom on September 16, 2020, at 9:00 a.m., and agreed to be available for consultation should the need arise. (Filing No. 74). The Court entered a written order consistent with the matters discussed during the telephone conference, including ordering Plaintiff's deposition to commence at 9:00 a.m. on September 16, 2020, and ordering Plaintiff to supplement discovery responses and provide tax authorization forms by August 31, 2020. (Filing No. 75). On August 27, 2020, Defendants properly noticed Plaintiff's deposition in the manner discussed during the telephone conference. (Filing No. 76).

By September 3, 2020, Plaintiff had not provided the discovery as ordered, so Defendants again requested a telephone call with the undersigned to address the issue. (Filing No. 77). The Court scheduled a telephone call for September 9, 2020, and Plaintiff and counsel for Defendants again both appeared. (Filing No. 78). Plaintiff had supplemented his discovery the morning of

September 9 prior to the call, but apparently had not provided all documents in his possession responsive to Defendants' requests or accurately answered interrogatories. The undersigned ordered Plaintiff to provide Defendants with copies of the documents he stated he had readily available in his possession regarding a previous NEOC charge of discrimination against a former employer. During the call, Plaintiff expressed a desire to cancel his September 16, 2020, deposition based on his pro se status and belief that Defendants were furthering an agenda against him. The undersigned explained to Plaintiff that Defendants have a right to depose Plaintiff to defend against the claims he filed against them and declined to postpone the deposition, which had been scheduled with Plaintiff's consent nearly a month earlier, unless licensed counsel entered an appearance on his behalf to request a continuance. The Court entered a written order memorializing its directives, including ordering, "Plaintiff's deposition scheduled for September 16, 2020, shall not be continued unless licensed counsel enters an appearance on Plaintiff's behalf and requests a continuance." (Filing No. 80).

In advance of Plaintiff's September 16, 2020, deposition, the Court made arrangements with its staff and the Court's IT department to facilitate Plaintiff's video-conference deposition in the courtroom. The Court also kept its calendar clear so that no other proceedings would be scheduled in the courtroom for the day. Defense counsel also expended time and resources preparing to remotely conduct Plaintiff's video-conference deposition, including coordinating with the deposition provider and the Court to confirm the technological logistics for Plaintiff's remote deposition.

At 9:00 a.m. on September 16, 2020, defense counsel, the court reporter, the videographer, and the undersigned magistrate judge were ready to proceed with Plaintiff's deposition, but Plaintiff did not appear. At 9:07 a.m., Plaintiff sent an email to defense counsel and the undersigned magistrate judge stating he was "unable to attend the deposition" as the "entire ordeal has reached a limit." (Filing No. 83-5). A record was made of Plaintiff's email and failure to appear. (Filing No. 83-4).

Defendants filed the instant motion for sanctions seeking dismissal on October 6, 2020. Plaintiff did not respond to the motion. Defense counsel also appeared for a telephonic status conference scheduled for October 26, 2020, but Plaintiff again did not appear or advise the Court he was unavailable for the conference. (Filing No. 61; Filing Nos. 85-86). Plaintiff has not communicated with the Court or filed any document since he sent his September 16, 2020, email.

## ANALYSIS

Rule 37(d) of the Federal Rules of Civil Procedure permits a party to seek sanctions, including dismissal, for a party's failure to attend his or her deposition and/or failure to respond to interrogatories and requests for production. See Fed. R. Civ. P. 37(d) & (b)(2)(A)(iii) and (v). A motion to compel the party's attendance at the deposition is not required before dismissing an action under Rule 37(d). See *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41(b) is an "extreme sanction" but is proper when a plaintiff has acted in "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); see *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010)(finding dismissal pursuant to Rule 41(b) was proper because the plaintiff acted with a "persistent pattern of delay and failure to comply with the district court's orders."). District courts have "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hunt*, 203 F.3d at 527.

Defendants assert that dismissal with prejudice is the most appropriate sanction based on Plaintiff's failure to attend his deposition, failure to prosecute his lawsuit and participate in discovery, and failure to respond to Court orders. The Court agrees. The Court is sympathetic to Plaintiff's struggles as a pro se litigant. However, the Court has clearly warned Plaintiff, more than once, that his refusal to comply with orders or case deadlines may result in dismissal of his case. "[P]ro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)(citing *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975). "[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g). Plaintiff initiated this lawsuit without a lawyer and has proceeded pro se for the majority of the two years that this case has been pending. Nevertheless, recognizing Plaintiff's challenges as a pro se litigant, the Court and defense counsel expended time, effort, and resources in an attempt to facilitate Plaintiff's deposition for this lawsuit he voluntarily initiated. Defendants properly noticed Plaintiff's deposition for September 16, 2020, and the Court repeatedly told Plaintiff during the telephonic hearings that his deposition would take place on that date, entering two written orders memorializing the same. Plaintiff's failure to appear for his properly noticed, and court-ordered deposition, without notice or explanation other than his

statement after the fact that the "entire ordeal has reached a limit," combined with a previous pattern of noncompliance with court orders and failure to participate in discovery without court involvement demonstrates intentional, willful disobedience of court orders.

Plaintiff has also demonstrated a pattern of failure to cooperate with discovery through the pendency of this case, requiring the Court to schedule several telephonic hearings, two of which Plaintiff failed to attend. Defendants will be prejudiced by continuing to defend against claims brought by a Plaintiff who has seemingly abandoned his case. After Plaintiff sent his email on September 16, 2020, notifying the Court and counsel that Plaintiff would not be attending his deposition, Plaintiff has taken no further action in his case; Plaintiff did not respond to Defendants' motion for sanctions, did not appear for a previously scheduled telephonic hearing before the undersigned magistrate judge on October 26, 2020, and has not otherwise contacted the Court or filed anything further to prosecute his case. Under the circumstances, the Court finds that dismissal with prejudice is warranted. Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian C. Buescher that Defendants' Motion for Sanctions to Dismiss Plaintiff's Complaint with Prejudice (Filing No. 82) be granted and the above-captioned case be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(d) and 41(b)(1).

Dated this 27th day of October, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

### ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.